(Reap. Dec. 8676)

NEW YORK MERCHANDISE CO., INC. v. UNITED STATES

Entry Nos. W–17995; W–18350.

(Decided October 10, 1956)

*Siegel, Mandell & Davidson* for the plaintiff.

*George Cochran Doub*, Assistant Attorney General, for the defendant.

MOLLISON, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS STIPULATED AND AGREED by and between the respective parties hereto, subject to the approval of the Court, that the export value of the merchandise at the time of exportation to the United States covered by the Appeals to Reappraisement enumerated above at which time such or similar merchandise was freely offered for sale to all purchasers in the principal market of the country from which exported in the usual wholesale quantity and in the ordinary course of trade for export to the United States including costs of containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise ready for shipment to the United States was the appraised value less the addition made to meet the advances by the Appraiser in similar cases covering nondutiable F. O. B. charges for inland freight, insurance premium, storage, hauling and lighterage, etc.

IT IS FURTHER STIPULATED AND AGREED that there was no higher foreign value for merchandise such or similar to the merchandise herein at the time of exportation thereof.

IT IS FURTHER STIPULATED AND AGREED that the Appeals to Reappraisement enumerated above may be submitted for decision on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and

that such values were the appraised values, less the additions made to meet the advances by the appraiser in similar cases covering non-dutiable f. o. b. charges for inland freight, insurance premium, storage, hauling, and lighterage, etc.

Judgment will be entered accordingly.